**In re Mark LINKOUS, Melissa Linkous, Debtors.**

**No. 03–04429.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

March 24, 2006.

Phillip Edward Brown, Roanoke, VA, for Debtor.

Melvin R. Zimm, Norfolk, VA, for Sun-Trust.

Rebecca Connelly, Roanoke, VA, Chapter 13 Trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court is SunTrust Bank's motion for relief from the § 362 automatic stay. The Court conducted a hearing on the motion for relief on October 5, 2005. Following the conclusion of the hearing, the court ordered the parties to submit any additional authority in support of their positions by October 31, 2005.

The debtors did not provide additional authority to supplement their original response to the motion for relief. SunTrust filed a letter to the court with supplementary authority for its position on October 31, 2005. *See* Docket Entry no. 39. The parties have agreed to submit the matter on the pleadings and memoranda. The matter is ripe for decision. For the reasons stated in this Decision and Order, SunTrust Bank's motion for relief from the § 362 automatic stay is denied.

## BACKGROUND

On October 17, 2003, the debtors filed a Chapter 13 voluntary petition for relief and a Chapter 13 debt repayment plan. On November 3, 2003, SunTrust filed a proof of claim for indebtedness of $20,302.78, secured by a lien on the title of a 2001 Chevrolet K1500 "Silverado LS 1500 4WD EXT CAB" four-door pickup truck with vin 1GCEK19V61E142362. *See* Claim no. 2. According to the terms of the loan agreement, the debtors were to pay SunTrust in equal installments of $453.60 per month commencing on May 24, 2001 and continuing thereafter for fifty (50) months, followed by one (1) lump sum payment of $13,571.38 due and payable on July 24, 2005. On January 14, 2004, the court conducted a hearing on confirmation of the debtors' Chapter 13 plan and ordered the plan confirmed on January 15, 2004.

The debtors' confirmed Chapter 13 plan provides for direct repayment of the debt to SunTrust in monthly installments of $453.60. While the plan indicates the amount of the indebtedness for the two other secured creditors to be paid outside of the plan, there is no mention of the amount of the indebtedness to SunTrust or the value of the vehicle in the plan. Nor is there mention of a plan date for the termination of payments to SunTrust. The plan simply states that payment will be made directly to SunTrust by the Debtors in monthly payments of $453.60.

On September 14, 2005, SunTrust motioned for relief from stay with regard to the truck for default on plan payments by the debtor. SunTrust claimed the lump sum payment and last contractual installment payment remained unpaid following the July 24, 2005 due date. The debtors responded that some arrears may be outstanding in regard to plan payments, but denied that they were in default. The debtors argue that SunTrust received notice of the proposed Chapter 13 plan to pay $453.60 to SunTrust for 60 months to resolve the debt, and that the plan was confirmed without objection. SunTrust contends that the payments under the plan were to be made according to the original terms of the antecedent debt, regardless of the literal terms of the Chapter 13 plan repayment. SunTrust notes that neither debt held by the two other secured creditors in the same class as SunTrust will be satisfied at the conclusion of 60 months under the debtors' interpretation of the plan terms.[1] SunTrust seeks a construction of the plan that requires the debtors to pay their debt according to their contract with SunTrust and SunTrust argues that when the debtors default in their plan obligation cause exists to lift the post confirmation stay.

## LAW AND DISCUSSION

This court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334. This is a case filed under Title 11, and the court may hear and determine this core

---

1. The other secured creditors to be paid by the debtors directly are Chase Mortgage and Wachovia who are secured by debtors' real estate.

proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper in this District under 28 U.S.C. § 1409(a).

Following proper notice and a hearing, the court shall grant a request for relief from the § 362 stay for cause.[2] The only cause articulated by SunTrust is that the plan does not provide repayment pursuant to the terms of the contract. Instead, the plan ignores the contractual terms for a balloon payment on July 24, 2005, and provides for a payout of the loan at the monthly installment payment provided in the contract for the duration of the plan. Thus, the plan deletes the balloon payment and extends the repayment period well beyond the original repayment period.[3]

 Only the debtor may propose a plan under Chapter 13. 11 U.S.C. § 1321. Debtors in Chapter 13 may modify the rights of certain secured claimants through the plan. 11 U.S.C. § 1322(b)(2). The debtor may also provide terms in the plan for the curing or waiving of any defaults on payment to creditors. 11 U.S.C. § 1322(b)(3). The Code at 11 U.S.C. § 1325(a)(5) sets forth three criteria for confirming a plan which modifies a secured creditors rights: (1) Acceptance by the creditor, (2) lien retention, and (3) pay-

ment of a value that is not less than the allowed amount of the claim. Once a plan is confirmed, the debtor and each creditor are bound by the terms of the plan, regardless of whether the plan provides for the creditor's claim, and regardless of whether such creditor has raised an objection, accepted, or has rejected the plan. 11 U.S.C. § 1327(a).[4]

It is undisputed that on October 17, 2003, the debtors submitted their original plan, and following notice and an opportunity for hearing, the court ordered the plan confirmed on January 14, 2004. The debtors submitted the plan on the proper form (Form 3015–A) as prescribed by the Local Rules in force at the time. SunTrust had notice of the plan.

In the plan, the debtors provided for payment of three secured-debt claims by direct payment outside of the plan to each of three different creditors.[5] The plan did not list the value of SunTrust's debt, but the plan did direct a payment to SunTrust of $453.60 per month, which is the monthly payment under the original terms of the automotive financing contract. The plan does not indicate the number of payments each secured creditor is to receive before their secured claim is paid in its entirety.[6]

2.

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay—for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 USCS § 362(d)(1).

3. The 60 month plan should be completed in September 2008, thereby extending the payment of SunTrust approximately 38 months.

4. SunTrust cannot successfully advocate revocation of the order of confirmation because the 180 day statute of limitations under 11 U.S.C. § 1330 has run and it has no standing to seek post confirmation modification under 11 U.S.C. § 1329.

5. Chase Mortgage filed a claim for a debt in the original loan amount of $119,000.00 secured by a deed of trust maintained on the debtors' residence. The plan listed the value of Chase's debt and directed a payment to Chase of $898.00 per month. Wachovia filed a claim for a debt in the original loan amount of $25,000.00 secured by a second deed of trust maintained on the debtors' residence. The plan listed the value of Wachovia's debt and directed a payment to Wachovia of $183.54 per month. Suntrust filed a claim for a debt secured by a lien on the title of a 2001 Chevrolet K1500 truck.

6. The debtors note in their answer to the motion for relief that SunTrust was on notice that it would receive $453.60 for 60 months.

However, the term of the plan is 60 months. SunTrust does not raise payment of the value of the allowed amount of the claim as an issue. There is nothing in the record to indicate that SunTrust objected to confirmation of the debtors' plan within the time provided by the Bankruptcy Rules. The plan does provide that Sun-Trust will retain its lien in the collateral until the allowed amount of its secured claim is paid.

SunTrust argues that the plan must implicitly accommodate the original terms of the loans made by the secured creditors because the mortgages maintained on the debtors' residence will not be paid in full after the 60 month period. That may be true, but it is not relevant because 60 monthly payments of $453.60 appears to satisfy SunTrust's claim.[7] SunTrust takes issue with the extension of the maturity date of its debt by the plan. While the plan is a bare-bones description of the debtors' intentions toward SunTrust, if any ambiguity lingered as to the debtors' intent, the secured creditors were on notice to explore their rights as affected by the plan prior to confirmation of the plan.[8]

SunTrust argues that for a confirmed plan to have *res judicata* effect, the plan must be clear and unambiguous, and offers as authority for that proposition *In re Luarks,* 301 B.R. 352 (Bankr.D.Kan.2003). The Luarks filed for Chapter 13 relief, and filed a plan that treated the accruing interest of priority tax claims held by the Internal Revenue Service and the Kansas Department of Revenue against the debtors for unpaid taxes as general unsecured, non-priority claims. Neither the IRS nor the KDOR objected to confirmation of the plan, but the Chapter 13 Trustee made an objection to the treatment of the interests seven weeks after confirmation. The *Luarks* court found that plan provisions made in derogation of the Code were not *res judicata* as to the treatment of otherwise nondischargeable tax obligations of the debtors. This court does not find the *Luarks* case to be persuasive authority applicable to the case *sub judice*. Sun-Trust's claim is not nondischargeable. The time for objection to confirmation or revocation of confirmation has long since past. The plain meaning of § 1327 dictates that SunTrust is bound by the provisions of the confirmed plan.

## CONCLUSION

According to the Code, each claim represented by a properly filed proof of claim is deemed allowed unless a party in interest objects to the claim. 11 U.S.C. § 502(a). On November 3, 2003, SunTrust filed its claim for the financing debt secured by the truck in the amount of $20,302.78.[9] To date, the debtors have not objected to the claim of SunTrust or otherwise motioned for an adjusted valuation of the truck securing the debt. Therefore, the secured claim of SunTrust for $20,302.78 must be deemed as an allowed claim for that amount, and according to the terms of the plan, SunTrust will retain a lien on the vehicle until their allowed claim is satisfied

7. While SunTrust tries to use the two creditors secured by real estate as examples to show that the intent of the plan had to be to pay it according to contract terms, § 1322(b)(5) would permit different treatment in the plan between the claims secured by real estate where the last payment is due after the final plan payment and SunTrust where the final contractual payment was due before plan termination.

8. The court notes that the Chapter 13 Trustee did not raise an objection as to the clarity of the plan provision for payment of the Sun-Trust debt.

9. *See* Claim No. 2. Suntrust classified the claim as a secured claim for $20,302.78 with interest to accrue at 8.00%.

in full. A plain reading of § 1327 dictates that SunTrust is bound by the terms of the plan. SunTrust states no cause for relief. For the foregoing reasons it is

### ORDERED:

That SunTrust's motion for relief from stay is DENIED and the post confirmation stay remains in force upon conditions imposed below. It is

### FURTHER ORDERED:

That the debtors shall continue making payments to SunTrust in accordance with the provisions of their plan until Sun-Trust's allowed claim is satisfied in full. Upon the failure of the debtor to make the necessary plan payment, SunTrust shall give debtors notice of default in writing and upon failure of debtors to cure the default within 15 days of the date of said notice or to object and request a hearing on the notice of default, the § 362 stay shall stand terminated without further notice or hearing and SunTrust may proceed to exercise its state law and contractual rights.